NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUCIA RODRIGUEZ RIOS; REYNA GUADALUPE QUINTERO RODRIGUEZ; ALEX MANUEL QUINTERO RODRIGUEZ; JENIFFER QUINTERO RODRIGUEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4577

Agency Nos.
A208-308-824
A208-308-825
A208-308-827
A208-308-826

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.

Lucia Rodriguez Rios is a native and citizen of Mexico. She petitions this

court for review of an order of the Board of Immigration Appeals (BIA) upholding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a decision by an Immigration Judge (IJ) denying her application for asylum, withholding of removal, and protection pursuant to the Convention Against Torture (CAT).[1]  Because the parties are familiar with the facts, procedural history, and arguments underlying this appeal, we do not detail them here.  We have jurisdiction pursuant to 8 U.S.C. § 1252(a).  We deny the petition.

"We review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision."  *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020)).  "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence," meaning "we must uphold the agency determination unless the evidence compels a contrary conclusion."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1.  An asylum applicant must establish that she has suffered persecution or has a well-founded fear of persecution on account of a protected ground and that the persecution was or will be "committed by the government, or by forces that the government was unable or unwilling to control."  *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010); 8 U.S.C. § 1101(a)(42)(A).  An applicant for

---

[1]     Rodriguez Rios's minor children are derivative beneficiaries of her applications for asylum and withholding of removal.

withholding of removal "must discharge this burden by a clear probability." *See Sharma v. Garland*, 9 F. 4th 1052, 1059 (9th Cir. 2021) (citation omitted).

Rodriguez Rios argues that the agency's conclusion that she had failed to show past persecution or a well-founded fear of future persecution was not supported by substantial evidence. In particular, she argues that the agency failed to consider Ramiro's disappearance after La Plaza members threatened him as part of the cumulative persecution analysis and dismissed the threats to Rodriguez Rios and her children as merely "indirect threats" despite evidence that La Plaza was willing to follow through with them.

Even if the agency's persecution analysis was flawed, Rodriguez Rios failed to challenge before the BIA the IJ's adverse finding on the third prong of the asylum and withholding analysis—that the government is unable or unwilling to control La Plaza. In her opening brief to this court, Rodriguez Rios does not challenge the IJ's factual finding or contest the BIA's conclusion that she had forfeited the argument before the agency. Because the government has properly raised the issue, which is dispositive of the asylum and withholding claims, we deny the petition for review as to those claims without addressing the other two prongs of the analysis. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (noting issues not argued in a party's opening brief are forfeited).

2.  An applicant seeking CAT relief must "establish that it is more likely than not that he or she would be tortured if removed," 8 C.F.R. § 1208.16(c)(2), by or with the acquiescence of public officials, 8 C.F.R. § 208.18(a)(1).  Here, the agency's decision to deny CAT protection was supported by substantial evidence.  Although the country conditions evidence shows that disappearances of individuals in Mexico are sometimes carried out by or with the complicity of the State, Rodriguez Rios did not present evidence that the State was complicit in or acquiesced to the harms she and her family experienced.  In fact, she stated that the police arrested the shooter after the incident Ramiro witnessed, took Rodriguez Rios's report of Ramiro's disappearance, and followed up with her to determine whether an unidentified body might be Ramiro.  We therefore deny the petition for review as to the CAT claim.

**PETITION DENIED.**

24-4577